UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| FRANK GALLAGHER,<br>    Plaintiff,<br><br>v.<br><br>TOWN OF NORTH ATTLEBOROGH, KEITH LAPOINTE, PRESIDENT NORTH ATTLEBOROUGH TOWN COUNCIL, MICHAEL GALLAGHER, TOWN MANAGER, CHIEf JOHN J. REILLY, OFFICER JOSEPH FRYER, OFFICER EDWARD ZIMMER, and NORTH ATTLEBOROUGH POLICE DEPARTMENT.<br>    Defendants. | COMPLAINT AND<br>JURY DEMAND |

## INTRODUCTION

1.     This is an action by Frank Gallagher ("Plaintiff") against the Town of North Attleborough, the North Attleborough Police Department, North Attleborough Police Officers Joseph Fryer, Police Chief John J. Reilly, Town Manager Michael Gallagher, and Keith Lapointe, arising out of the physical assault, deprivation of constitutional rights, and resulting injuries Frank Gallagher sustained as a result of the excessive use of physical force exercised by the officers of the North Attleborough Police Department. The action seeks damages under the common law theories of negligence (Count I), negligent training and supervision (Count II), negligent/intentional infliction of emotional distress (Count III), the Massachusetts Civil Rights Act, M.G.L. ch. 12, secs. 11H and 11I (Count IV) and, 42 U.S.C. sec. 1983 (Count V).

## PARTIES

2.     Plaintiff Frank Gallagher ("Plaintiff"), is an individual who resides in Norfolk County, Massachusetts.

3.     Defendant Town of North Attleborough ("the Town") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with an office and principal place of business in North Attleborough, Bristol County, Massachusetts.

4. Defendant North Attleborough Police Department ("NAPD") is an agency within the Town, with an office and principal place of business in North Attleborough, Bristol County, Massachusetts.

5. Defendant Joseph Fryer ("Fryer") is an individualy residing within the Commonwealth of Massachusetts. Fryer is a party to this lawsuit individually and in his official capacity as an officer of the NAPD.

6. Defendant Edward Zimmer ("Zimmer") is an individual residing within the Commonwealth of Massachusetts. Zimmer is a party to this lawsuit individually and in his official capacity as an officer of the NAPD.

7. Defendant John J. Reilly ("Reilly") is an individual residing within the Commonwealth of Massachusetts. Reilly is a party to this lawsuit in his official capactity as then Police Chief of the NAPD.

8. Keith Lapointe ("Lapointe") is an individual residing with the Commonwealth of Massachusetts. Lapointe is a party to this lawsuit in his official capacity as President of the Town Council of the Town of North Attleborough. Lapointe was in this capacity at the time the Plaintiff's demand was served upon the Town.

9. Michael Gallagher ("Gallagher") is an individual residing with the Commonwealth of Massachusetts. Gallagher is a party to this lawsuit in his official capacity as Town Manager of the Town of North Attleborough. Gallagher was not in this capacity at the time the Plaintiff's demand was served upon the Town. Gallagher started as Town Manager after the Plaintiff's demand was filed.

## FACTUAL ALLEGATIONS

10. On or about December 19, 2018, the Plaintiff was arrested at his residence at 5 Keenan Road, North Attleborough, Massachusetts.

11. The Plaintiff was handcuffed with his hands behind his back. The Plaintiff was escorted to a NAPD vehicle where he was placed in the rear seat of the NAPD vehicle. The Plaintiff was not resisting arrest.

2

Case 1:20-cv-10330-WGY   Document 1   Filed 02/19/20   Page 3 of 8
Case 1:20-cv-10330   Document 1   Filed 02/19/20   Page 3 of 8

12. While seated in the backseat of the NAPD vehicle, Zimmer asked the Plaintiff to provide him with his cell phone. The Plaintiff complied with that request, and attempted to retrieve his cell phone from his rear pocket. In doing so, the Plaintiff's right leg extended from the NAPD cruiser as a result of the Plaintiff having to adjust his body, while handcuffed, to retrieve his cell phone for the officer. The Plaintiff had informed Zimmer that he had to reposition himself so that he could get his cell phone for the officer.

13. As the Plaintiff was attempting to retrieve his cell phone, Fryer came from around the NAPD vehicle and immediately began knee-striking the Plaintiff. Fryer knee-struck the Plaintiff for no legitimate, lawful purpose. Fryer's knee-striking the Plaintiff constituted excessive force.

14. The Plaintiff verbally questioned Fryer's assaulting him and stated he was only getting his phone as he was directed to do.

15. Fryer then, without excused or justification, raised his leg and Fryer struck a blow with the full force of his body weight on the Plaintiff's ankle. Fryer struck the Plaintiff on his ankle at least one time. Fryer's actions caused the Plaintiff's ankle to break.

16. Fryer's actions constituted excessive force.

17. At all times relevant, the Plaintiff was not resisting arrest. At all times relevant, the Plaintiff was cooperating with the officers requests and directives.

18. At the time Fryer was striking the Plaintiff, a civilian observed Fryer's actions and yelled for Fryer to stop. Fryer then threatened this civilian witness.

19. In a transparent effort to conceal Fryer's unlawful activity, Officers Fryer and Zimmer fabricated a story with respect to the activities of the encounter with the Plaintiff and

prepared police reports with false statements of fact to conceal their unconstitutional actions and use of excessive force.

20. Defendants Fryer and Zimmer acted in concert, under the color of law, in concealing evidence against the Plaintiff and in providing evidence which was otherwise false. This also included presenting false testimony against the Plaintiff.

21. Defendants Fryer and Zimmer acted in concert, under the color of law, in the use of excessive force against the Plaintiff and in physically injuring the Plaintiff.

22. Defendants NAPD, the Town, Reilly and Lapointe negligently trained and or supervised Fryer and Zimmer to perform the duties of a police officer for the NAPD. The NAPD had a use of force policy in effect, dated. March 30, 2015, at the time of this incident. The use of force policy did not justify the actions of Fryer with respect to the Plaintiff, who was restrained and sitting in a police vehicle, complying with a request made of him, at the time Fryer struck the Plaintiff.

23. Defendant Reilly aided and abbetted the actions of Fryer and Zimmer by failing to adequately and properly investigate the Plaintiff's allegations. This included, but is not limited to, failing to appoint and independent investigator to investigate the Plaintiff's allegations.

24. The Plaintiff suffered physical and emotional harm and economic loss as a result of the actions of Defendants NAPD, the Town, Fryer, Zimmer, Reilly and Lapointe.

25. The conduct of Fryer, Zimmer, and Reilly was shocking to the conscience.

26. The conduct of Fryer, Zimmer, and Reilly was not justified.

27. The actions of Fryer and Zimmer caused the Plaintiff physical injury and emotional distress.

28. The Plaintiff has complied with all jurisdictional requisited to file the instant claim.

## LEGAL CLAIMS

### COUNT I - NEGLIGENCE
(FRANK GALLAGHER V. TOWN OF NORTH ATTLEBOROUGH, NORTH ATTLEBOROUGH POLICE DEPARTMENT, JOSEPH FRYER, EDWARD ZIMMER, JOHN REILLY, KEITH LAPOINTE, AND MICHAEL GALLAGHER)

29. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-30 above.

31. The Town, the NAPD, Fryer, Zimmer, Reilly, Lapointe and Gallagher (collectively, "the Defendants") owed Plaintiff a duty of reasonable care in the exercise of their duties.

32. Defendants breached their duty of care owed to Plaintiff in the manner in which they seized, restrained, and assaulted and battered the Plaintiff.

33. Defendants breached their duty of care owed to Plaintiff in the manner in which they authorized, permitted, condoned, and or tolerated Plaintiff to be unlawfully seized, restrained and assaulted and battered the Plaintiff.

34. As a direct and foreseeable consequence thereof, Plaintiff has suffered loss of income and employment benefits, other financial losses, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

### COUNT II – NEGLIGENT TRAINING/SUPERVISION
(FRANK GALLAGHER V. TOWN OF NORTH ATTLEBOROUGH, NORTH ATTLEBOROUGH POLICE DEPARTMENT, JOSEPH FRYER, EDWARD ZIMMER, JOHN REILLY, KEITH LAPOINTE, AND MICHAEL GALLAGHER)

35. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-34 above.

36. The Town, Reilly, Lapointe, and the NAPD negligently trained and or supervised Fryer and Zimmer in the performance of their duties.

Case 1:20-cv-10330   Document 1   Filed 02/19/20   Page 6 of 8

37. This included, but is not limited, to their lack of training/supervision with respect to: use of force, proper restraint of persons, proper application of knee strikes, instruction on not to strike a restrained person in the ankle such that it breaks, and proper procedures for effectuating an arrest and or compliance with officer directives.

38. Documentation provided by the Town established that any knee strike training provided to Fryer did not include training on the likelihood of breaking a person's ankle if the officer strikes the person's ankle, with the officer's full force, while the ankle was positioned such as Plaintiff's was so positioned. Specifically, documents provided by the Town establish that Fryer was not instructed at all with respect to the use of, application of, risks of, and prohibition of ankle strikes upon a restrained person in police custody.

39. Including the incident involving the Plaintiff, Fryer was involved in at least seven (7) reported use of force incidents in 2018. The NAPD self-reported 40 use of force incidents in 2018.

40. As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

**COUNT III – NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(FRANK GALLAGHER V. TOWN OF NORTH ATTLEBOROUGH, NORTH ATTLEBOROUGH POLICE DEPARTMENT, JOSEPH FRYER, EDWARD ZIMMER, JOHN REILLY, KEITH LAPOINTE, AND MARK GALLAGHER)**

41. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-40 above.

42. The Defendants knew or should have known that their conduct was likely to result in emotional distress.

43. The Defendants' conduct was extreme and outrageous and schocking to the conscience.

44. The Defendants' conduct caused Plaintiff emotional distress of the nature and severity that no reasonable person could be expected to endure.

45. As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

6

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

**COUNT IV – FEDERAL CIVIL RIGHTS VIOLATION – 42 U.S.C. SEC. 1983
(FRANK GALLAGHER V. TOWN OF NORTH ATTLEBOROUGH, NORTH ATTLEBOROUGH POLICE DEPARTMENT, JOSEPH FRYER, EDWARD ZIMMER, JOHN REILLY, KEITH LAPOINTE, AND MARK GALLAGHER)**

46. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-45 above.

47. Defendants Fryer and Zimmer were acting under color of law at all times relevant during their pursuit, seizure, arrest, assault, battery, and preparation of police reports in support of the criminal charges against the Plaintiff.

48. The conduct of Defendants Fryer and Zimmer deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States or the laws or Constitution of the Commonwealth of Massachusetts. This includes, but is not limited to, the right to be free from excessive force.

49. The conduct of Defendants Fryer and Zimmer with respect to the Plaintiff constituted excessive force and or conduct that was extreme, outrageous, and shocking to the conscience.

50. The actions of Defendants Fryer and Zimmer were done in accordance with a custom or policy of the Town and or the NAPD.

51. In pursuing the seizure, arrest, and assault and battery upon the the Plaintiff, Defendants Fryer, Zimmer and Reilly and the NAPD disregarded a known or obvious consequence of their actions. This includes the unlawful and improper application of the ankle strike(s) upon the Plaintiff while he was restrained and complying with police directives.

52. The Town and the NAPD inadequately and or negligently trained and or supervised Defendants Fryer and Zimmer, and the decisions of the Town and the NAPD in that regard were deliberate and or conscious.

53. In conducting the seizure, arrest, and assault and battery upon the Plaintiff, Defendants Fryer, Zimmer, Reilly and the NAPD manifested a deliberate indifference to Plaintiff's rights and engaged in conduct that shocked the conscience. This included performing a negligent investigation into the Plaintiff's allegations, covering up the Plaintiff's allegations, threatening a civilian witness to the allegations, and preparing false police reports with respect to

the Plaintiff's allegations.

54. The actions of the Defendants violated Plaintiff's rights under the 4th Amendment of the United States Constitution in that they constituted, among other things, an unreasonable seizure and excessive use of force.

55. The actions of the Defendants violated Plaintiff's rights to substantive due process.

56. As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

FRANK GALLAGHER, Plaintiff
By his attorneys,

_____
James M. Caramanica, BBO #565882
Law Office of James M. Caramanica
120 North Main St., Suite 306
Attleboro, MA 02703
(508) 222-0096
Email: caramanicalaw@gmail.com

Dated: February 19, 2020

8